## Charles A. Wightman et al. v. Evanston Yaryan Company et al.

### Gen. No. 11,553.

1. INTERVENE—*what essential to right to, in foreclosure proceeding.*
The interest which entitles a person to intervene in a foreclosure proceeding between other parties, must be in the matter in litigation, and must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment or decree.

Foreclosure proceeding. Appeal from the Superior Court of Cook County: the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 7, 1905.

LYNDEN EVANS, for appellants.

ISHAM, LINCOLN & BEALE, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an order denying the motion of appellants, intervenors, for a rule on defendants to plead, answer or demur to their amended intervening petition at a short day, and to vacate and set aside the decree of foreclosure and sale entered in the cause, and dismissing the intervening petition of appellants.

The original bill in the case was for the foreclosure of a trust deed, executed by the Evanston Yaryan Company to The Northern Trust Co., trustee, covering all its property and franchises, for the purpose of securing corporate bonds to be issued by it, not exceeding $400,000 in amount. Bonds were issued under the mortgage for the aggregate amount of $189,000. The bill alleged a default in the payment of the interest coupons which fell due in the month of July, 1902. The bill was filed August 16, 1902, and on the same day the Yaryan Co. filed its answer admitting all the allegations of the bill, and thereupon the court appointed a receiver of the mortgaged property and directed

the receiver to operate the same until the further order of the court.

The Evanston Yaryan Co. is a public service corporation, engaged in supplying heat and light to the public under an ordinance of the city of Evanston.

Appellants filed their amended and supplemental intervening petition on March 17, 1902, which was evidently intended to supersede all former petitions filed by them, setting up the filing of the original bill to foreclose, the original incorporation of the Yaryan Co., with a capital stock of $2,500, the increase of the capital stock to $400,000 and upon information and belief that no part of the increased capital stock had been paid into the company, the ordinance under which it was operating, the execution of certain contracts between the company and appellants individually for heating and lighting, covering periods of five years not yet expired, notifications by the receiver that he would not furnish heat and light according to their respective contracts and demanding higher rates; that the city council of Evanston by an ordinance passed September 19, 1902, amended the original ordinance allowing higher rates to be charged; that the filing of the bill and answer thereto were collusive; that the stockholders and bondholders of the company are largely the same persons; that the company is not insolvent; that the foreclosure proceeding was instituted for the purpose of securing the cancellation of the contracts with the patrons of the company; that the company threatens to consent to a final decree and prays that the receiver be directed to carry out the contracts with petitioners and that he be ordered to notify all parties concerned that his appointment did not cancel contracts with the company and that it be determined whether the foreclosure proceedings were collusive and that no decree be entered by consent of the defendant company.

A final decree of foreclosure and sale was entered March 21, 1903.

It is contended by counsel for appellee that the only errors assigned are upon the decree of foreclosure and that

this court cannot pass upon these errors because the appeal is not taken from the decree.

On February 16, 1904, appellants obtained leave of court to amend their assignment of errors and thereupon amended their first and second assignments of error by inserting the date of the order or decree appealed from, namely, April 14, 1903; and counsel for appellants says in his reply brief that "The first and second assignments of error of the original assignments of error, having been amended on the record, pursuant to your order of February 16, 1904, makes the present case stand upon the first and second original assignments of error as amended, and since there is no dispute as to the decree appealed from, it makes the third, fourth and fifth as originally assigned valid assignments of error to the decree of April 14, 1903." Thus it appears by the amended assignments of error, and by statements of counsel for appellants, that the appeal is from the order or decree of April 14, 1903, and not from the decree of foreclosure entered on March 21, 1903. This appeal then involves only the petition itself, and the propriety of the order dismissing it.

It is urged by appellee that appellants had no standing to intervene for the purpose of disputing the bill and blocking the proceedings, because (1) their petition shows they had no lien nor right of lien upon the mortgaged property, and (2) the receiver could not be compelled to carry out petitioners' contracts, which was the principal relief asked for, and (3) that the allegations and prayer of the petition were insufficient to justify the court in postponing or refusing foreclosure.

In our opinion these contentions of appellee are sound and the petition of appellants was properly dismissed. No right is disclosed by the petition in the intervenors to obstruct or to interfere with the foreclosure of the mortgage. Appellants are shown to have no liens or even rights to liens upon the property covered by the mortgage. They are patrons of the defendant company, and by contracts have respectively the right to service of heat and light for

fixed terms not yet expired, provided they pay for the services according to the terms of their respective contracts. Petitioners have no direct interest whatever in the subject-matter of the foreclosure proceeding. The interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment or decree. Horn v. Volcano Water Co., 13 Cal. 70. Appellants have no such interest. Their contracts neither expressly nor by implication give them any interest of any character in or to the properties and franchises in question.

In Express Co. v. R. R. Co., 99 U. S. 191, the court said: "The road is in the hands of a receiver appointed in a suit brought by the bondholders to foreclose their mortgage. The appellant has no lien. The contract neither expressly nor by implication touches that subject. * * * It is simply a contract for the transportation of persons and property over the road. A specific performance by the receiver would be a form of satisfaction or payment which he cannot be required to make. As well might he be decreed to satisfy appellants' demand by money as by the service sought to be enforced. Both belong to the lien-holders and neither can be thus diverted."

In Louisville Trust Co. v. Louisville N. A. & C. Ry. Co., 84 Fed. Rep. 541, the court said: "The intervening petitioner, who is the appellant here, had no standing in the court below. At best, it was only a general creditor of the defendant company, having and claiming to have no interest in or lien upon the real estate and franchise of the company which formed the subject of the foreclosure suits. The petitioner claims to be the owner and holder of certain bonds issued by the Richmond, Nicholasville, Irvine & Beattyville Railroad Company, the payment of which was guaranteed by the defendant the Louisville, New Albany & Chicago Railroad Company, which bonds remain unpaid. It is well settled that in a foreclosure proceeding like this,

unsecured creditors having no judgment or other lien upon the real estate cannot be made defendants. They are neither necessary nor proper parties. Bronson v. Railroad Co., 2 Black 524; Stout v. Lye, 103 U. S. 66; Herring v. Railroad Co., 105 N. Y. 340; Jones v. Winans, 20 N. J. Eq. 96."

As said in Gunderson v. Illinois Trust & Savings Bank, 199 Ill. 435: "The petition is insufficient to show any valid defense to the foreclosure suit. Whatever rights the petitioners may have against the parties charged with the frauds set forth in the petition, we are satisfied the court was right in refusing to allow them to intervene, and defend for the corporation in the foreclosure suit."

The decree of the Superior Court is affirmed.

*Affirmed.*